UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO



Mr. Andrew Gross III #28240-039
Plaintiff

Case No. 08-c-0460
Magistrate: Judge Schenkier
District Court Judge: Coar

vs.

Michael B. Mukasey, ect et al.
Defendant Respondants

**FILED**
FEB 13 2008   FEB 1 3 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**"MOTION FOR SUMMARY JUDGEMENT AND RELIEF"**
**PURSUANT TO Fed.Rules.Civil Proc. 56(a) and 60(a)**

Comes Now Plaintiff, requesting Summary Judgement, Pursuant to The Fed. Rules. Civil Proc. 56(a) and requesting relief Pursuant to F.R.C.P. 60(a) clerical Mistakes.

Dear Magistrate Judge Schenkier, and Judge Coar." Plaintiff was convicted in the United States District Court for the Eastern District of Michigan by guilty plea to one single count to manufacturing and attempting to negotiate counterfeit securities in violation of 18 U.S.C. § 513.

Plaintiff has been in Custody since March 11, 2002.

Plaintiff ask that he not be held to the same standards of an Attorney See: <u>Haines v. Kerner</u>, 404 U.S. 519-520 92 S.Ct. 594 595 30 L.Ed 2d 652 (1972).

This Motion was made in goodfaith, and is not to further delay this cause.

Dear Magistrate Judge Schenkier, and Judge Coar Plaintiff is requesting for Summary Judgement Pursuant to F.R.Civ. Proc. 56(a) and seeking to obtain a declaratory Judgement Pursuant to F.R.C.P 57 and asking for a correction Pursuant to F.R.Civ.Proc. 60(a) against all defendants. Plaintiff request that a declaratory Judgement is appropriate when it will "Terminate the controversy" giving rise to the proceeding, because it involves only an issue of Law on relatively Undisputed Facts. of a Justiciable nature.

> The district court sentenced the Plaintiff to 120 months consecutive to a sentence in which he was to be released on October 9, 2007. the plaintiff's release date is set for 2017.

(1)

AFFIDAVIT
"SWORN STATEMENT OF UNDISPUTED FACTS"

Fact (1) Plaintiff plead guilty to One single count indictment and the government agreed to dismiss the remaining counts.

Fact (2) The loss amount to the single count# 11 in which Plaintiff plead guilty was $7,300 dollars.

Fact (3) Plaintiff agreed only to the conduct within count # 11
Please See: Sentencing transcripts Exhibit Attachment.

Fact (4) The government enforced a waiver, that was not knowingly and voluntarily waived by Plaintiff, or Plaintiff's Attorney Plaintiff argues a plain miscarriage of Justice and demands a trial by Jury!.

Fact (5) The Supreme Court held that the defendant could be ordered to pay restitution only for the amount of loss resulting from the count to which he/she pleaded guilty to, the general rule that the restitution may only be ordered for losses caused by the offense of conviction.

Fact (6) Plea agreements are governed by contract principles and any ambiguities in agreements are to be construed against the drafter or if admitted to by the Defendant or if the record supports that the parties agreed.

Fact (7) Plaintiff argues that he did not waive his right to challenge an Unlawful erroneous restitution order.

Signed this _4_ day of _February_ 2008. Respectfully Submitted

_\[signature\]_
Mr. Andrew Gross III
#28240-039
F.C.I. Terre Haute cell 84U
P.O. Box # 33
Terre Haute Indiana 47808

STATE OF INDIANA )
  TERRE HAUTE   ) ss.
               )

_Mary Ellen Collins 2/4/2008_
Notary Public
Com. exp 03/22/2008
Vigo County

(2)

## RELIEF REQUESTED

Plaintiff request that a declaratory Judgement be issued in his favor and that the defendants hereby be and Ordered to instruct the United States Probation department to Append Plaintiff's Pre-sentence Report in regards to the loss amount associated with the single count in which Plaitiff pleaded guilty. and delete the relevant conduct monetary, losses other than those associated with the count of conviction, because it has caused the plaintiff and his family economical hardship, and has caused the plaintiff's a Huge burden  by extending his prison term when executeing his sentence simply because Mr. Gross cannot afford to pay his fines, all defendants are violating Mr. Gross's equal protection rights clause of the fourteenth Amendment as well as the first Amendment's Due process clause.

    Plaintiff request Monetary damages, and trial by Jury demand.
    The district court used the amount of $1,000,000,00 (One Million Dollars to calculate and execute Mr. Gross's guideline sentence and also based it's erroneous restitution order on that amount,
    Mr. Gross request $5,000,000,00.(five Million dollars in Damages,).

WHEREFORE: The Plaintiff does have a Practical interest in the declaration sought, and all parties having an interest therein or adversely affected are made parties and are cited Plaintiff request for a declaratory Judgement.

Respectfully Submitted

*[signature]*
Mr. Andrew Gross III
#28240-039
P.O. Box # 33
Terre Haute, Indiana 47808-0033

Dear Magistrate Judge The Law requires restitution, the probation officer must conduct an investigation and submitt a report that contains sufficient accurate information for the court to order restitution. and also Requires that the findings and determinations be appended to a copy of the PSR, This rule is strictly enforced and failure to comply with it violates Plaintiff's Due Process.

## CERTIFICATE OF PROOF OF SERVICE

I _Mr. Andrew Gross_ hereby certify that I mailed a true and correct copy of my Motion for Summary Judgement and relief pursuant to Fed. Rules. civ. proc. 56(a) and Fed. Rules.Civ.Proc. 60(a) to Prisoner Correspondence, clerk's office U.S. District Court 219 South Dearborn Street, Chicago,IL 60604 and I served a copy of the attached document on all defendant's by placing same in the Institutional Legal mailbox at Terre Haute F.C.I. located at P.O. Box # 33 Terre Haute Indiana 47808-0033 on This _4_ day of _February_, 2008.

To: Michael W. Dobbins
United States District Court
Northern District of Illinois
Chicago
219 South Dearborn Street
Chicago Il 60604

To: United States Department of Justice
Michael B. Mukasey
U.S. Attorney General
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

To: Jennifer M. Gorland
Assistant U.S. Attorney
211 W. Fort Street Suit 2001
Detroit, Michigan 48226
313-226-9707

To: Stephen J. Murphy
United States Attorney
211 W. Fort Street Suit 2001
Detroit, Michigan 48226

Respectfully Submitted
_Mr. Andrew Gross_
Mr. Andrew Gross III
#28240-039
P.O. Box # 33
Terre Haute, Indiana 47808-0033

Victim Impact

29. The defendant owes restitution as follows: Ultimate Electronics, $39,999.98; Intel Servies, $33,610.00; Multi-Media Solutions, $106,440.00; Sound Track, $46,408.28; Audio Inter Visual Design, $40,056.00; ALTI Music, $17,000.00; Baker Music Center, $5,565.00; Professional Sound & Music, $15,125.00; American Pro Audio, $16,023.00; Music Center, Inc., $7,300.00; and Shop4Tech, $14,000.00. This results in a total restitution amount of $341,527.26.

Adjustment for Obstruction of Justice

30. The Probation Department has no information to suggest the defendant impeded or obstructed justice, or attempted to impede or obstruct justice.

Adjustment for Acceptance of Responsibility

31. In a statement from GROSS, at the time of the presentence interview for Docket No. 01-CR-80769-DT-01, the defendant stated that this was the same conduct that he was already charged with, and that he had picked up a package from a house. The defendant said that people would order music equipment and ask him to pick it up. He gave them a woman's address where they could pick up a keyboard and mixer. She signed for it and the credit card was fraudulent. The defendant stated that he received $300.00 for picking it up and delivering it to the studio.

32. The above version of the offense conflicts with the defendant's guilty plea, but was submitted prior to the initiation of plea proceedings. The defendant admitted guilt on the day trial began, after the government flew in approximately 16 witnesses. However, the defendant did provide a factual basis at the time of his plea as to Count 11, therefore, he is eligible for an adjustment for Acceptance of Responsibility.

Offense Level Computations

33. The 2002 edition of The Guidelines Manual has been used in this case.

Count 11 - Counterfeit Securities

34. Base Offense Level: The guideline for a violation of 18 U.S.C. § 513 is located at § 2B1.1(a), which specifies a base offense level of six.  **6**

35. Specific Offense Characteristic: As the fraud amount exceeded $1,000,000.00, but was less than $2,500,000.00, the offense level is increased 16 levels, pursuant to §2B1.1(b)(1)(I).  **+16**

36. Specific Offense Characteristic: As the offense involved more than 10 victims, the offense level is increased two levels, pursuant to § 2B1.1(b)(2)(A)(i).  **+2**

37. Specific Offense Characteristic: Since the defendant committed the offense while on bond for another federal offense, the offense level is increased three levels, pursuant to § 2J1.7.  **+3**

- 9 -

| | | | |
|---|---|---|---|
| 38. | Victim Related Adjustment: None. | | 0 |
| 39. | Adjustment for Role in the Offense: As the defendant was an organizer, leader, manager, or supervisor in the criminal activity, his offense level is increased two levels. | | (+2) |
| | | | 0 |
| 40. | Adjustment for Obstruction of Justice: None. | | |
| | | | 29 |
| (41) | Adjusted Offense Level (Subtotal): | | |
| 42. | Adjustment for Acceptance of Responsibility: The defendant entered into a guilty plea and is eligible for a two level decrease for Acceptance of Responsibility, pursuant to §3E1.1(a). | | -2 |
| | | | 27 |
| (43) | Total Offense Level: | | |
| | | | 0 |
| 44. | Chapter Four Enhancements: None. | | |
| | | | 27 |
| (45) | Total Offense Level: | | |

## PART B. THE DEFENDANT'S CRIMINAL HISTORY

### Adult Criminal Convictions

| | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline/ Points |
|---|---|---|---|---|
| 46. | 10/28/88 (Age 20) | Larceny from a Building. 19th District Court, Dearborn, Michigan. Docket No. 147007. | 11/22/93 → 12/22/94, $300.00 fine and two days jail. *probation Terminated* | § 4A1.1(c) (1) |

*[handwritten margin: INVALID CONVICTION]*

47. Records were silent on the issue of representation by counsel. However, Michigan law in effect at the time of this conviction required that the court advise the defendant of the right to assistance of an attorney. Further, there was no indication in the records that this conviction was previously ruled to be constitutionally invalid. On October 28, 1988, the defendant picked up a Bill Blass watch from a display table in the jewelry section of a store. The defendant then proceeded to the Women's Department of the store and placed the watch in his front pants pocket. The defendant left the store and was stopped by a store employee.

48. On October 28, 1988, the defendant was released on a $200.00 bond posted by his mother. On November 1, 1988, the defendant failed to appear for court. On November 22, 1993, the defendant was arrested by Bloomfield Township (Michigan) Police and transferred to 19th District Court, Dearborn, Michigan. [On December 22, 1994,] the defendant pled guilty to Larceny from a Building before Judge Sobotka.

*[handwritten: FALSE INFORMATION]*

*[handwritten: TD 01/18/94 IS NOT LISTED ON This PSI]*

- 10 -

DEFEN[DANT: ANDREW GROSS]
CASE NUMBER: 02CR80163-1

Judgment-Page 6 of 7

# CRIMINAL MONETARY PENALTIES

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS: | $ 100.00 | $ 0.00 | $ 341527.26 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS: | $ 0.00 | $ 0.00 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

224

1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-v-                                     Case Number:
                                   02-80163-1

ANDREW GROSS,

    Defendant.

----------------------------------/

SENTENCING
BEFORE THE HONORABLE BERNARD A. FRIEDMAN
United States District Judge
238 U.S. Courthouse & Federal Building
231 Lafayette Boulevard West
Detroit, Michigan 48226
WEDNESDAY, FEBRUARY 12TH, 2003

**APPEARANCES:**

For the Plaintiff:      Jennifer Gorland, Assistant
                            United States Attorney

For the Defendant:      Timothy S. Barkovic, Esq

Court Reporter:         Joan L. Morgan, CSR
                            Official Court Reporter

Proceedings recorded by mechanical stenography.
Transcript produced by computer-assisted
transcription.

GOVERNMENT
EXHIBIT
B

SENTENCING 32
WEDNESDAY, FEBRUARY 12TH, 2003

1 and now says he didn't remember. I have that fingerprint
2 card and I would note for the record that in our prior case
3 a fingerprint examiner, Dr. Ball, testified that it was the
4 defendant who is the subject of that battery charge and
5 conviction based on his fingerprints.
6 So I don't see how the criminal history can
7 seriously be contested based on both the information that
8 the Probation Department has, its documentation, that it
9 thoroughly went over both before Judge Hood in the prior
10 case and now before this Court, as well as the fingerprint
11 evidence that's been presented by the Government.
12 The pending charges the defendant has I don't
13 believe it has any relevance necessarily to the calculation
14 of the guideline range and so -- while I believe those
15 issues are a matter of record, I don't believe it matters
16 for the purpose of the calculation guideline so I'm not
17 going to address those.
18 As far as the debts the defendant is responsible
19 for, again, does not go to the issue of calculation of
20 guidelines. I would just note that a number of those
21 things are a matter of record that were determined by the
22 Probation Department, and not provided by the Government.
23 And as far as the restitution the defendant is
24 owing to -- for his criminal conduct, it is well
25 established that if the defendant is found to be

UNITED STATES OF AMERICA -v- GROSS

*restitution*

256

```
                    SENTENCING                           33
                    WEDNESDAY, FEBRUARY 12TH, 2003
```

1  responsible for relevant conduct then he's also responsible
2  for restitution that accompanies that relevant conduct.
3  And that's why the Probation Department correctly
4  calculated that amount.
5      And based on the sentencing memorandum that we
6  have submitted to the Court, I would ask that the Court
7  finds the calculation of the guideline range by the
8  Probation Department is correct, and to sentence the
9  defendant accordingly.
10      Thank you, your Honor.
11      THE COURT: Thank you.
12      Okay, Mr. Gross, you may stand there with your
13  attorney.
14      Okay, anything else -- any allocution that you
15  have counsel?
16      MR. BARKOVIC: Judge, all I can say is that Mr.
17  Gross is adamant in terms of his position that the only
18  criminal conduct that he engaged in and should be
19  responsible for is contained within Count 11 of the
20  indictment that was filed in this matter. That is the
21  count that you'll recall, your Honor, the count that he
22  pled guilty to.
23      Your Honor, after much negotiation, the plea was
24  had in this matter, and my client tendered that plea and,
25  Judge, I can tell you that my client remains adamant that

                UNITED STATES OF AMERICA -v- GROSS

```
                    SENTENCING                              34
                    WEDNESDAY, FEBRUARY 12TH, 2003
```

1  his only involvement was the seventy-three-hundred-dollar
2  transaction alleged in Count 11,
3      Judge, I am concerned about a couple of things.
4  I am concerned about my client's continued cries for
5  medical treatment. And in terms of any sentence that you
6  impose, I would certainly ask that his ear be looked at.
7      Judge, I just independently, an observer in this
8  matter, have noted a significant growth of his left ear,
9  and he continues to complain about it. It should be
10 treated at the earliest possible date so if you designate
11 him, Judge, at least designate him to a medical facility
12 initially so that he can receive treatment.
13     Judge, I can't tell you the state, if you will,
14 that the defendant has raised not only before your Honor,
15 but before his prior judge in reference to medical
16 complaints concerning that ear. And, again, I can say from
17 personal observation that any growth that is on that ear
18 has certainly become larger since the date of my
19 representation of Mr. Gross.
20     Judge, I would ask you to adopt the provisions
21 contained in the Rule 11 along with the recommendation from
22 the Government that this matter run concurrent with the
23 offense imposed by Judge Hood. And that Mr. Gross receive
24 leniency from this Court.
25     And I have nothing further to say.

                    UNITED STATES OF AMERICA -v- GROSS

```
                SENTENCING                              35
                WEDNESDAY, FEBRUARY 12TH, 2003
```

1       MS. GORLAND: Your Honor, I would just like to
2   correct one issue. There is no Rule 11 Plea Agreement in
3   this case.
4       MR. BARKOVIC: Oh, that's right.
5       THE COURT: No, I understand.
6       MR. BARKOVIC: That is correct.
7       MS. GORLAND: And there is no agreement that we
8   recommend a concurrent sentence. In fact, it's just the
9   opposite.
10      MR. BARKOVIC: Excuse me, Judge, I was
11  misunderstood. I was referencing another case.
12      THE COURT: That's fine.
13      MR. BARKOVIC: I'm sorry.
14      THE COURT: No problem.
15      Mr. Gross, anything you'd like to say?
16      THE DEFENDANT: Again, I took full responsibility
17  for Count 11, your Honor. As to the music equipment that
18  was investigated by the Guitar Center, it was two pieces of
19  music equipment. It was not a million dollars' worth of
20  music equipment. And I just say they have proof with my ID
21  on file that I presented two pieces of equipment that they
22  can link to me along with Count 11. And I would be willing
23  to pay the fine if the Court would allow that.
24      THE COURT: Okay. Anything else?
25      THE DEFENDANT: No.

    UNITED STATES OF AMERICA -v- GROSS

[259]

```
                    SENTENCING                              36
                    WEDNESDAY, FEBRUARY 12TH, 2003
```

1    THE COURT: In this matter, the Court has had an
2    opportunity to review this Presentence Report, to review
3    this matter. I know quite a bit about the case because of
4    a review of this, a review of the documents and so forth.
5            On Count 11 of the Superseding Indictment,
6    pursuant to the Sentencing Reform Act of 1984, it is the
7    judgment of the Court that the defendant, Andrew Gross, is
8    hereby committed to the custody of the Bureau of Prisons,
9    to be imprisoned for a term of a hundred and twenty months
10   to be served consecutive to his term of imprisonment under
11   docket number 01-CR-80769-DT-01.
12           Following the term of imprisonment, the defendant
13   will be placed on supervised release for a term of three
14   years.
15           It is ordered that the defendant pay restitution — order
16   in the amount of three hundred and forty-one thousand five
17   hundred twenty-seven dollars and twenty-six cents as
18   follows: Ultimate Electronics: thirty-nine thousand nine
19   hundred and ninety-nine dollars and ninety-eight cents.
20   Multi-Media Solutions: a hundred and six thousand four
21   hundred and forty thousand. Audio Inter Visual Design:
22   forty thousand fifty-six. Baker Music Center: five
23   thousand five hundred and sixty-five. American Pro Audio:
24   sixteen thousand twenty-three. Interl Services:
25   thirty-three thousand six hundred and ten. Sound Track:

                    UNITED STATES OF AMERICA -v- GROSS

```
                   SENTENCING                              37
                   WEDNESDAY, FEBRUARY 12TH, 2003
```

1  forty-six thousand four hundred and eight thousand twenty-
2  eight cents. ALTI Music: seventeen thousand. Professional
3  Sound & Music: fifteen thousand one hundred and twenty-
4  five. Shop4tech: fourteen thousand. Music Center,
5  Incorporated: seven thousand three hundred.
6      Restitution is due forthwith.
7      While in custody the defendant will participate
8  in an inmate financial responsibility program. The Court
9  is aware of the requirements in this program, and approves
10 of the payment schedule of this program, and hereby orders
11 the defendant's compliance. That means that while you're
12 in prison any job you have or anything of that nature, a
13 portion of that money will come out of that to pay some of
14 this restitution.
15     I'm going to waive any fines or costs as the
16 Court believes the restitution should be paid before fines
17 and costs to the Government. However, the defendant will
18 pay a one hundred dollar special assessment forthwith.
19     Mandatory drug and alcohol testing is ordered.
20     While on supervised release the defendant will
21 comply with the standard conditions of supervised release
22 as adopted by this Court.
23     As the defendant used a computer for criminal
24 activities the following conditions are ordered: Number
25 one, you will not be involved in any internet activity

**UNITED STATES OF AMERICA -v- GROSS**

```
                    SENTENCING                              43
                    WEDNESDAY, FEBRUARY 12TH, 2003
```

1  Everybody may be seated.
2  (Short recess.)
3  (Proceedings continuing.)
4  THE COURT: Let the record reflect that as to the
5  Presentence Report, as I indicated before the Court will
6  accept the Presentence Report. The Government will
7  incorporate into -- in this record, the Government's
8  sentencing memorandum together with the exhibits that are
9  attached thereto, all of which the Court has had an
10 opportunity to review and to read. Also, the Court is
11 taking into consideration and accepting and adopting the
12 Presentence Report in this particular matter. The
13 affirmation and swearing of the Government's sentencing
14 memorandum and exhibits by both agents, one of the FBI and
15 the Secret Service.
16 The Court finds in this particular matter that
17 the calculations and for the reasons established by the
18 Presentence Report in this matter are correct. The Court
19 finds by preponderance of the evidence in this matter that
20 the relevant conduct that has been used in this matter,
21 that there is sufficient evidence to substantiate that
22 again by a preponderance of the evidence using the
23 affirmation of the agents in this particular matter in
24 conjunction with the memorandum of the Government as well
25 as the Presentence Report in this matter.

UNITED STATES OF AMERICA -v- GROSS

Case 2:    PA   Document 86   Filed 02/13/200
268

45

**SENTENCING**
**WEDNESDAY, FEBRUARY 12TH, 2003**

1  THE DEFENDANT: And also for the record, I'm
2  objecting to the criminal history point, and the offense
3  level point and the loss amount that was loss in this case
4  here, your Honor, by the Probation Department.
5  THE COURT: The objection is noted. Again, the
6  Court finds by a preponderance of evidence that the loss
7  level is, if anything, minimal compared to what the loss
8  was. I think the loss was substantially more than that
9  which the Court has ordered in terms of restitution in
10 which the Probation Department found.
11 The offense level we talked about, the Court
12 finds that --
13 THE DEFENDANT: But the Government --
14 THE COURT: Excuse me, my turn now. We can only
15 talk one at a time. I didn't interrupt you; I don't expect
16 you to interrupt me.
17 As to the other matters again, the Court adopts
18 the report of the Probation Department the Court finding
19 that it is consistent with all the documentation by a
20 preponderance of the evidence.
21 Okay, anything else?
22 THE DEFENDANT: The Government didn't prove one
23 million dollars in loss, your Honor. The only loss there
24 was, was the seventy-three hundred dollars and the two
25 pieces of music equipment from the Guitar Center.

**UNITED STATES OF AMERICA -v- GROSS**

```
                    SENTENCING                                    46
                    WEDNESDAY, FEBRUARY 12TH, 2003
```

THE COURT: Okay. You'll have a lot of time to think about it.

THE DEFENDANT: How could that constitute --

THE COURT: We'll stand in recess.

MR. BARKOVIC: Thank you, Judge.

(Proceedings concluded.)

-- --- --

## CERTIFICATE

I, JOAN L. MORGAN, Official Court Reporter for the United States District Court for the Eastern District of Michigan, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing proceedings were had in the within entitled and number cause of the date hereinbefore set forth; and I do further certify that the foregoing transcript has been prepared by me or under my direction.

*[signature]*
JOAN L. MORGAN, CSR
Official Court Reporter
Detroit, Michigan 48226

Date: June 20, 2003

UNITED STATES OF AMERICA -v- GROSS