## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | DAVID H. COAR | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0460 | **DATE** | 2/27/2008 |
| **CASE TITLE** | Andrew Gross III (#28240-039) v. Michael Mukasey, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff having "struck out" pursuant to 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis*. The plaintiff must pay the full statutory filing fee of $350 within fifteen days of the date of this order. Failure to pay the $350 filing fee within fifteen days will result in summary dismissal of this case. *See* N.D. Ill. Local Rule 3.3(e).

■ [**For further details see text below.**]　　　　　　　　　　　　　　　　　　　　　　　　　　**Docketing to mail notices.**

### STATEMENT

　　The plaintiff, a federal prisoner, has submitted a *pro se* civil rights complaint under 28 U.S.C. § 1331. The plaintiff claims that the defendants, federal prosecutors, violated the plaintiff's constitutional rights by denying him due process. More specifically, the plaintiff contends that the defendants miscalculated the amount of restitution he must pay, which has resulted in an unpayable amount and an unfair extension of his sentence.

　　The plaintiff has neither paid the statutory filing fee nor filed a motion for leave to proceed *in forma pauperis*. A review of the U.S. Party/Case Index reveals that the plaintiff is barred from proceeding without paying the full statutory filing fee in advance.

　　The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

　　At least three of Mr. Gross' multiple previous actions, all of which were filed while he was incarcerated or detained, have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim **(CONTINUED)**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　mjm

**STATEMENT (continued)**

upon which relief may be granted. *See, e.g., Gross v. Bureau of Prisons*, Case No. 04 C 0220 (S. D. Ind.), dismissed on preliminary review pursuant to 28 U.S.C. § 1915A by Order of January 26, 2005 (Tinder, J.); *Gross v. Keeler*, Case No. 02 C 74850 (E.D. Mich.), dismissed by Order of January 7, 2003, as frivolous and failing to state a claim (Friedman, J.); and *Gross v. Gonzales*, Case No. 06 C 12820 (E.D. Mich.), summarily dismissed by Order of August 10, 2006, pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A (Duggan, J.).

The plaintiff's current complaint does not involve imminent danger of serious physical injury. Accordingly, 28 U.S.C. §1915(g) prevents him from proceeding without the full prepayment of the $350 filing fee. The plaintiff must pay the statutory filing fee before his case can proceed.

The plaintiff is additionally urged to perform some basic legal research before pursuing this matter, as the court questions whether the plaintiff has an actionable civil rights claim. "Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 429-31 (1976); *see also, Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003).

Furthermore, to the extent that the plaintiff seeks to have his sentence vacated, he must file the appropriate motion or action in the court of conviction (which is apparently the U.S. District Court for the Eastern District of Michigan). This court cannot, in the context of a civil rights action, decide whether the plaintiff is entitled either to release or to the expungement of the restitution portion of his sentence. In *Keeler, supra*, the court specifically advised the plaintiff that a civil tort action was not the appropriate vehicle for challenging the validity of a criminal judgment. In fact, a review of the U.S. Party/Case Index indicates that the plaintiff has already lodged numerous challenges against his sentence. *See, e.g., Gross v. Bezy*, 06 C 0215 (S.D. Ind.), *Gross v. Veach*, 07 C 0227 (S.D. Ind.), *Gross v. United States of America*, 04 C 0323 (S.D. Ind.), *Gross v. United States of America*, 06 C 11194 (E.D. Mich.), *Gross v. United States of America*, 06 C 12987 (E.D. Mich.), *Gross v. United States of America*, 03 C 70710 (E.D. Mich.), *Gross v. United States of America*, 03 C 72018 (E.D. Mich.), *Gross v. United States of America*, 04 C 73388 (E.D. Mich.), and *Gross v. United States of America*, 06 C 10551 (E.D. Mich.).

For the foregoing reasons, the court therefore denies the plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). If the plaintiff fails to pay the $350 filing fee within fifteen days, the court will enter judgment dismissing this case in its entirety. *See* N.D. Ill. Local Rule 3.3(e).

The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.

Dated: 2/27/208          /s/David H. Coar
                         David H. Coar, U.S. District Judge